No. 21-2030

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

KESHA T. WILLIAMS

*Plaintiff – Appellant*

v.

STACEY A. KINCAID, et al.

*Defendants-Appellees.*

---

**On Appeal from the United States District Court
for the Eastern District of Virginia
(Case No. 1:20-cv-1397, Hon. Claude Hilton)**

---

## JOINT APPENDIX

Joshua Erlich
Davia Craumer
Katherine L. Herrmann
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. Suite 700
Arilngton, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
        dcraumer@erlichlawoffice.com
        kherrmann@erlichlawoffice.com

*Counsel for Plaintiff-Appellant*

Alexander Francuzenko
Philip C. Krone, Esq.
Cook, Craig, & Francuzenko, PLLC
3050 Chain Bridge Road Suite 200
Fairfax, VA 22030
Tel: (703)865-7480
Email: alex@cookcraig.com
        pkrone@cookcraig.com

*Counsel for Defendants-Appellees*

# <u>TABLE OF CONTENTS</u>

Docket Report……………………..…………………..…….…..……..…. JA-001

Amended Complaint………………..…………...…………..…………....JA-008

Mot. for Extension of Time to Serve Amended Complaint……………......JA-036

Order Granting Extension of Time to Serve Amended Complaint…………JA-039

Mot. to Dismiss Am. Compl. by Def. Stacey A. Kincaid ……..…………JA-040

Mot. to Dismiss Am. Compl. by Def. Deputy Garcia………………………JA-042

Mot. to Dismiss Am. Compl. by Def. Xin Wang……....................................JA-044

Opinion re Order Granting Mot. to Dismiss Am. Compl. by Def. Stacey A. Kincaid…………..……………………..…………………………..……JA-046

Opinion re Order Granting Mot. to Dismiss Am. Compl. by Defs. Deputy Garcia and Xin Wang………………………………………………………JA-053

Notice of Appeal…………………………… ……………………..…..JA-061

APPEAL,CLOSED,JURY

# U.S. District Court
## Eastern District of Virginia - (Alexandria)
## CIVIL DOCKET FOR CASE #: 1:20-cv-01397-CMH-TCB

| | |
|---|---|
| Williams v. Kincaid et al | Date Filed: 11/16/2020 |
| Assigned to: District Judge Claude M. Hilton | Date Terminated: 08/18/2021 |
| Referred to: Magistrate Judge Theresa Carroll Buchanan | Jury Demand: Plaintiff |
| Case in other court: 4th Circuit, 21-02030 | Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Kesha T. Williams**                                      represented by    **Katherine Lynn Herrmann**
The Erlich Law Office PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
703-791-9087
Email: kherrmann@erlichlawoffice.com
*ATTORNEY TO BE NOTICED*

**Joshua Harry Erlich**
The Erlich Law Office PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
703-791-9087
Email: jerlich@erlichlawoffice.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stacey A. Kincaid**                                     represented by    **Alexander Francuzenko**
*TERMINATED: 06/08/2021*                                                    Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, VA 22030
(703) 865-7480
Fax: (703) 434-3510
Email: alex@cookcraig.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Corliss Krone**
Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, VA 22030
703-865-7480
Fax: 703-434-3510
Email: pkrone@cookcraig.com

**JA-001**

*ATTORNEY TO BE NOTICED*

**Thea Alicia Paolini**
Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, VA 22030
703-865-7480
Fax: 703-434-3510
Email: tpaolini@cookcraig.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maxim Healthcare Services, Inc.**

**Defendant**

**Does (1-15)**

**Defendant**

**Lishan Kassa, M.D.**
*TERMINATED: 08/18/2021*

**Defendant**

**Xin Wang, NP**                          represented by  **Alexander Francuzenko**
*TERMINATED: 08/18/2021*                          (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Garcia**                         represented by  **Alexander Francuzenko**
*TERMINATED: 08/18/2021*                          (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2020 | 1 | Complaint ( Filing fee $ 400, receipt number 0422-7499034.), filed by Kesha Williams. (Attachments: # 1 Civil Cover Sheet)(Erlich, Joshua) (Entered: 11/16/2020) |
| 11/16/2020 | | Initial Case Assignment to District Judge Claude M. Hilton and Magistrate Judge Theresa Carroll Buchanan. (pmil, ) (Entered: 11/17/2020) |
| 11/17/2020 | 2 | MOTION for Discovery *(Early)* by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Erlich, Joshua) (Entered: 11/17/2020) |
| 11/17/2020 | 3 | Memorandum in Support re 2 MOTION for Discovery *(Early)* filed by Kesha T. Williams. (Erlich, Joshua) (Entered: 11/17/2020) |
| 11/17/2020 | 4 | ORDER that pltf's 2 Motion for Leave to Conduct Limited Expedited Discovery is **GRANTED** ; Pltf may immediately serve upon the Fairfax County Adult Detention Center and Maxim Healthcare Services, Inc. a subpoena duces tecum for documents aimed at identifying the true names and identities of the Doe Defendants. The Fairfax County Adult Detention Center and Maxim Healthcare Services, Inc. shall both respond to the requestsfor the production of documents within fifteen (15) business days of the date of |

JA-002

| | | |
|---|---|---|
| | | service of the requests (see Order for details). Signed by Magistrate Judge Theresa Carroll Buchanan on 11/17/20. (pmil, ) (Entered: 11/17/2020) |
| 11/17/2020 | 5 | NOTICE of Appearance by Katherine Lynn Herrmann on behalf of Kesha T. Williams (Herrmann, Katherine) (Entered: 11/17/2020) |
| 12/11/2020 | 6 | Proposed Summons re 1 Complaint *to Defendant Stacey A. Kincaid* by Kesha T. Williams. (Herrmann, Katherine) (Entered: 12/11/2020) |
| 12/11/2020 | 7 | Proposed Summons re 1 Complaint *to Defendant Maxim Healthcare Services, Inc.* by Kesha T. Williams. (Herrmann, Katherine) (Entered: 12/11/2020) |
| 12/14/2020 | 8 | Summons Issued as to Stacey A. Kincaid, Maxim Healthcare Services, Inc. NOTICE TO ATTORNEY: Print out two electronically issued summons and one copy of the attachment for each defendant to be served with the complaint. (Attachments: # 1 Notice)(pmil, ) (Entered: 12/14/2020) |
| 12/21/2020 | 9 | NOTICE of Appearance by Alexander Francuzenko on behalf of Stacey A. Kincaid (Francuzenko, Alexander) (Entered: 12/21/2020) |
| 12/21/2020 | 10 | NOTICE of Appearance by Philip Corliss Krone on behalf of Stacey A. Kincaid (Krone, Philip) (Entered: 12/21/2020) |
| 01/07/2021 | 11 | Consent MOTION for Extension of Time to File Response/Reply by Stacey A. Kincaid. (Francuzenko, Alexander) (Entered: 01/07/2021) |
| 01/07/2021 | 12 | Memorandum in Support re 11 Consent MOTION for Extension of Time to File Response/Reply filed by Stacey A. Kincaid. (Attachments: # 1 Proposed Order) (Francuzenko, Alexander) (Entered: 01/07/2021) |
| 01/07/2021 | 13 | MOTION for Protective Order by Stacey A. Kincaid. (Francuzenko, Alexander) (Entered: 01/07/2021) |
| 01/07/2021 | 14 | Memorandum in Support re 13 MOTION for Protective Order filed by Stacey A. Kincaid. (Attachments: # 1 Proposed Order)(Francuzenko, Alexander) (Entered: 01/07/2021) |
| 01/07/2021 | 15 | STIPULATED PROTECTIVE ORDER: re the handling and labeling of confidential material. (see Order for complete details) Signed by Magistrate Judge Theresa Carroll Buchanan on 1/7/21. (tfitz, ) (Entered: 01/07/2021) |
| 01/07/2021 | 16 | ORDER granting 11 Consent Motion for Extension of Time; Defendant has until Friday, January 22, 2021 to file a responsive pleading to Plaintiffs complaint. Signed by Magistrate Judge Theresa Carroll Buchanan on 01/07/21. (pmil, ) (Entered: 01/07/2021) |
| 01/22/2021 | 17 | MOTION to Dismiss by Stacey A. Kincaid. (Krone, Philip) (Entered: 01/22/2021) |
| 01/22/2021 | 18 | Memorandum in Support re 17 MOTION to Dismiss filed by Stacey A. Kincaid. (Krone, Philip) (Entered: 01/22/2021) |
| 01/22/2021 | 19 | Notice of Hearing Date re 17 MOTION to Dismiss (Krone, Philip) (Entered: 01/22/2021) |
| 01/25/2021 | | Set Deadlines as to 17 MOTION to Dismiss . Motion Hearing set for 2/26/2021 at 10:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (clar, ) (Entered: 01/25/2021) |
| 02/05/2021 | 20 | Opposition to 17 MOTION to Dismiss filed by Kesha T. Williams. (Herrmann, Katherine) (Entered: 02/05/2021) |
| 02/12/2021 | 21 | AMENDED COMPLAINT against Stacey A. Kincaid, Lishan Kassa, M.D., Xin Wang, NP, Deputy Garcia, filed by Kesha T. Williams.(Herrmann, Katherine) (Entered: 02/12/2021) |

**JA-003**

| 02/12/2021 | 22 | Proposed Summons re 21 Amended Complaint *to Defendant Deputy Garcia* by Kesha T. Williams. (Herrmann, Katherine) (Entered: 02/12/2021) |
|---|---|---|
| 02/12/2021 | 23 | Proposed Summons re 21 Amended Complaint *to Defendant Lishan Kassa, M.D.* by Kesha T. Williams. (Herrmann, Katherine) (Entered: 02/12/2021) |
| 02/12/2021 | 24 | Proposed Summons re 21 Amended Complaint *to Defendant Xin Wang, NP* by Kesha T. Williams. (Herrmann, Katherine) (Entered: 02/12/2021) |
| 02/12/2021 | 25 | MOTION for Extension *of Time to Serve Amended Complaint* by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Herrmann, Katherine) (Entered: 02/12/2021) |
| 02/12/2021 | 26 | Waiver of re 25 MOTION for Extension *of Time to Serve Amended Complaint (Waiver of Hearing)* by Kesha T. Williams (Herrmann, Katherine) (Entered: 02/12/2021) |
| 02/16/2021 | 27 | ORDER granting 25 Motion for Extension of Time to File. ORDERED that Plaintiff has an additional 30 days in which to serve Defendants, until March 18, 2021. Signed by Magistrate Judge Theresa Carroll Buchanan on 02/16/2021. (kgall) (Entered: 02/16/2021) |
| 02/16/2021 | 28 | Summons Issued as to Deputy Garcia, Lishan Kassa, M.D., Xin Wang, NP. NOTICE TO ATTORNEY: Print out two electronically issued summons and one copy of the attachments for each defendant to be served with the complaint. (Attachments: # 1 Notice of Lawsuit) (kgall) (Entered: 02/16/2021) |
| 02/22/2021 | | Per CMH chambers motions set for 2/26/2021 on the pleadings (clar, ) (Entered: 02/22/2021) |
| 02/23/2021 | 29 | ORDERED that Defendant's Motion to Dismiss 17 the original Complaint is DENIED as moot. Signed by District Judge Claude M. Hilton on 2/23/2021. (kgall) (Entered: 02/23/2021) |
| 02/26/2021 | 30 | MOTION to Dismiss for Failure to State a Claim by Stacey A. Kincaid. (Francuzenko, Alexander) (Entered: 02/26/2021) |
| 02/26/2021 | 31 | Memorandum in Support re 30 MOTION to Dismiss for Failure to State a Claim filed by Stacey A. Kincaid. (Francuzenko, Alexander) (Entered: 02/26/2021) |
| 02/26/2021 | 32 | Notice of Hearing Date re 30 MOTION to Dismiss for Failure to State a Claim (Francuzenko, Alexander) (Entered: 02/26/2021) |
| 03/01/2021 | | Set Deadlines as to 30 MOTION to Dismiss for Failure to State a Claim . Motion Hearing set for 4/23/2021 at 10:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (clar, ) (Entered: 03/01/2021) |
| 03/09/2021 | 33 | SCHEDULING ORDER: Initial Pretrial Conference set for 3/31/2021 at 11:00 AM in Alexandria Courtroom 500 before Magistrate Judge Theresa Carroll Buchanan. Final Pretrial Conference set for 7/15/2021 at 10:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. Discovery due by 7/9/2021. Signed by District Judge Claude M. Hilton on 03/09/2021. (Attachments: # 1 Pretrial Notice, # 2 Magistrate Judge Consent Form)(jlan) (Entered: 03/09/2021) |
| 03/12/2021 | 34 | Memorandum in Opposition re 30 MOTION to Dismiss for Failure to State a Claim filed by Kesha T. Williams. (Herrmann, Katherine) (Entered: 03/12/2021) |
| 03/12/2021 | 35 | CERTIFICATE of Service *(Corrected)* re 34 Memorandum in Opposition by Katherine Lynn Herrmann on behalf of Kesha T. Williams (Herrmann, Katherine) (Entered: 03/12/2021) |
| 03/18/2021 | 36 | NOTICE of Appearance by Alexander Francuzenko on behalf of Stacey A. Kincaid (Francuzenko, Alexander) (Entered: 03/18/2021) |

| 03/18/2021 | 37 | Reply to 34 Memorandum in Opposition filed by Stacey A. Kincaid. (Francuzenko, Alexander) (Entered: 03/18/2021) |
|---|---|---|
| 03/18/2021 | 38 | NOTICE of Appearance by Thea Alicia Paolini on behalf of Stacey A. Kincaid (Paolini, Thea) (Entered: 03/18/2021) |
| 03/24/2021 | 39 | *Proposed Joint Rule 16* Discovery Plan by Stacey A. Kincaid.(Francuzenko, Alexander) (Entered: 03/24/2021) |
| 03/24/2021 | 40 | Rule 16(b) Scheduling Order - Pursuant to the Rule 16(b) Conference it is ordered that Upon consideration of the representations made by the parties in the Proposed Joint Rule 16 Discovery Plan (Dkt. 39) and taking note of the Scheduling Order (Dkt. 33) entered in this case, the Court makes the following rulings: 1. All discovery shall be concluded by Friday, July 9, 2021. 2. The Proposed Joint Rule 16 Discovery Plan filed by the parties is approved and shall control discovery to the extent of its application unless further modified by the Court. 3. The pretrial conference scheduled for Wednesday, March 31, 2021 at 11:00 a.m. is cancelled. 4. All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by Thursday, April 15, 2021. 5. No general objection may be asserted in response to any discovery demand except to preserve the attorney-client privilege and work product protection. Signed by Magistrate Judge Theresa Carroll Buchanan on 3/24/21. (tfitz, ) (Entered: 03/25/2021) |
| 04/02/2021 | 41 | MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint* by Deputy Garcia. (Francuzenko, Alexander) (Entered: 04/02/2021) |
| 04/02/2021 | 42 | Memorandum in Support re 41 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint* filed by Deputy Garcia. (Francuzenko, Alexander) (Entered: 04/02/2021) |
| 04/02/2021 | 43 | MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint* by Xin Wang, NP. (Francuzenko, Alexander) (Entered: 04/02/2021) |
| 04/02/2021 | 44 | Memorandum in Support re 43 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint* filed by Xin Wang, NP. (Francuzenko, Alexander) (Entered: 04/02/2021) |
| 04/08/2021 | 45 | SUMMONS Returned Executed by Kesha T. Williams Deputy Garcia served on 3/12/2021, answer due 4/2/2021 (Herrmann, Katherine) (Entered: 04/08/2021) |
| 04/08/2021 | 46 | SUMMONS Returned Executed by Kesha T. Williams Xin Wang, NP served on 3/12/2021, answer due 4/2/2021 (Herrmann, Katherine) (Entered: 04/08/2021) |
| 04/19/2021 | 47 | Memorandum in Opposition re 41 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint (Deputy Garcia)* filed by Kesha T. Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Herrmann, Katherine) (Entered: 04/19/2021) |
| 04/19/2021 | 48 | Memorandum in Opposition re 43 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint (Xin Wang)* filed by Kesha T. Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Herrmann, Katherine) (Entered: 04/19/2021) |
| 04/22/2021 | | Per CMH chambers motions set for 4/23/2021 on the pleadings (clar, ) (Entered: 04/22/2021) |
| 04/26/2021 | 49 | Response to 47 Memorandum in Opposition, *to Motion to Dismiss* filed by Deputy Garcia. (Francuzenko, Alexander) (Entered: 04/26/2021) |
| 04/26/2021 | 50 | Response to 48 Memorandum in Opposition *to Motion to Dismiss* filed by Xin Wang, NP. (Francuzenko, Alexander) (Entered: 04/26/2021) |
| 06/07/2021 | 51 | MEMORANDUM OPINION. Signed by District Judge Claude M. Hilton on 6/7/2021. |

| | | |
|---|---|---|
| | | (kgall) (Entered: 06/07/2021) |
| 06/07/2021 | 52 | ORDER granting 30 Motion to Dismiss for Failure to State a Claim. Plaintiff's causes of action against Defendant Kincaid are dismissed. Signed by District Judge Claude M. Hilton on 6/7/2021. (kgall) (Entered: 06/08/2021) |
| 06/25/2021 | 53 | MOTION to Compel *Discovery Responses* by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Herrmann, Katherine) (Entered: 06/25/2021) |
| 06/25/2021 | 54 | Memorandum in Support re 53 MOTION to Compel *Discovery Responses* filed by Kesha T. Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Herrmann, Katherine) (Entered: 06/25/2021) |
| 06/25/2021 | 55 | Notice of Hearing Date set for 07/02/2021 re 53 MOTION to Compel *Discovery Responses* (Herrmann, Katherine) (Entered: 06/25/2021) |
| 06/25/2021 | | Set Deadlines as to 53 MOTION to Compel *Discovery Responses*. Motion Hearing set for 7/2/2021 at 10:00 AM in Alexandria Courtroom 501 before Magistrate Judge Theresa Carroll Buchanan. (clar, ) (Entered: 06/28/2021) |
| 06/25/2021 | | MOTIONS REFERRED to Magistrate Judge: Buchanan. 53 MOTION to Compel *Discovery Responses* (clar, ) (Entered: 06/28/2021) |
| 06/30/2021 | 56 | Joint MOTION for Extension of Time to Complete Discovery by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Herrmann, Katherine) (Entered: 06/30/2021) |
| 06/30/2021 | 57 | Memorandum in Support re 56 Joint MOTION for Extension of Time to Complete Discovery filed by Kesha T. Williams. (Herrmann, Katherine) (Entered: 06/30/2021) |
| 06/30/2021 | 58 | Reply to Motion re 53 MOTION to Compel *Discovery Responses* filed by Deputy Garcia, Xin Wang, NP. (Attachments: # 1 Proposed Order)(Francuzenko, Alexander) (Entered: 06/30/2021) |
| 06/30/2021 | 59 | Waiver of re 56 Joint MOTION for Extension of Time to Complete Discovery - *Oral Argument* by Kesha T. Williams (Herrmann, Katherine) (Entered: 06/30/2021) |
| 06/30/2021 | 60 | ORDERED that Defendants will serve their answers to Plaintiff's First Set of Interrogatories and produce responsive documents to Plaintiff's First Set of Requests for Production by the close of business on Tuesday, July 6, 2021; it is further ORDERED that Plaintiff's Motion to Compel Dkt. 53 is **DENIED AS MOOT**; and it is further **ORDERED** that the hearing scheduled for Friday, July 2, 2021 is **CANCELLED**. Signed by Magistrate Judge Theresa Carroll Buchanan on 6/30/2021. (dest) (Entered: 07/01/2021) |
| 07/01/2021 | 61 | ORDERED that the Motion Dkt. 56 is **GRANTED IN PART**; it is further **ORDERED** that the discovery period is **EXTENDED** to Friday, August 13, 2021; and it is further **ORDERED** that the final pretrial conference is **RESCHEDULED** for Thursday, August 19, 2021 at 10:00 am. Signed by Magistrate Judge Theresa Carroll Buchanan on 7/1/2021. (swil) (Entered: 07/01/2021) |
| 07/01/2021 | | Set Hearings Final Pretrial Conference set for 8/19/2021 at 10:00 AM in Alexandria Courtroom 500 before Magistrate Judge Theresa Carroll Buchanan. (swil) (Entered: 07/01/2021) |
| 07/01/2021 | 62 | Notice of Hearing Date set for July 9, 2021 re 41 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint*, 43 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint* (Francuzenko, Alexander) (Entered: 07/01/2021) |
| 07/01/2021 | | Set Deadlines as to 43 MOTION to Dismiss for Failure to State a Claim *Plaintiff's Amended Complaint*, 41 MOTION to Dismiss for Failure to State a Claim *Plaintiff's* |

JA-006

| | | |
|---|---|---|
| | | *Amended Complaint*. Motion Hearing set for 7/9/2021 at 10:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (clar, ) (Entered: 07/02/2021) |
| 07/07/2021 | | Per CMH chambers motions set for 7/9/2021 on the pleadings (clar, ) (Entered: 07/07/2021) |
| 08/02/2021 | 63 | Joint MOTION for Extension of Time to Complete Discovery by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Herrmann, Katherine) (Entered: 08/02/2021) |
| 08/02/2021 | 64 | Memorandum in Support re 63 Joint MOTION for Extension of Time to Complete Discovery filed by Kesha T. Williams. (Herrmann, Katherine) (Entered: 08/02/2021) |
| 08/03/2021 | 65 | ORDERED that the Motion 63 is GRANTED. ORDERED that the discovery period in this matter is EXTENDED forty-five (45) days, or until Monday, September 27, 2021. Signed by Magistrate Judge Theresa Carroll Buchanan on 8/3/2021. (kgall) (Entered: 08/04/2021) |
| 08/18/2021 | 66 | Consent MOTION Reschedule Final Pretrial Conference by Kesha T. Williams. (Attachments: # 1 Proposed Order)(Erlich, Joshua) (Entered: 08/18/2021) |
| 08/18/2021 | 67 | MEMORANDUM OPINION. Signed by District Judge Claude M. Hilton on 8/18/2021. (kgall) (Entered: 08/18/2021) |
| 08/18/2021 | 68 | ORDERED that the 41 , 43 Motions to Dismiss of Defendants Xin Wangand Deputy Garcia are GRANTED, Defendants are dismissed from this action. Signed by District Judge Claude M. Hilton on 8/18/2021. (kgall) (Entered: 08/18/2021) |
| 08/18/2021 | 69 | ORDERED that Defendant Lishan Kassa, M.D. is dismissed pursuant to F.R.Civ.P. 4(m). Signed by District Judge Claude M. Hilton on 8/18/2021. (kgall) (Entered: 08/18/2021) |
| 09/16/2021 | 70 | NOTICE OF APPEAL as to 52 Order on Motion to Dismiss for Failure to State a Claim, 68 Order on Motion to Dismiss for Failure to State a Claim, by Kesha T. Williams. Filing fee $ 505, receipt number AVAEDC-8000634. (Herrmann, Katherine) (Entered: 09/16/2021) |
| 09/17/2021 | 71 | Transmission of Notice of Appeal to US Court of Appeals re 70 Notice of Appeal, (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (kgall) (Entered: 09/17/2021) |
| 09/20/2021 | 72 | USCA Case Number 21-2030 4th Circuit, case manager A. Brownleee for 70 Notice of Appeal, filed by Kesha T. Williams. (kgall) (Entered: 09/20/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/09/2021 15:54:22 | | |
| **PACER Login:** | klh817klh | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-01397-CMH-TCB |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| KESHA T. WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. <u>1:20-cv-01397 (CMH/TCB)</u> |
| STACEY A. KINCAID; | ) |
| | )     AMENDED COMPLAINT |
| Serve: | ) |
| Stacey A. Kincaid | )     JURY TRIAL DEMAND |
| Fairfax County Sheriff's Office | ) |
| 4110 Chain Bridge Road | ) |
| Fairfax, VA 22030 | ) |
| | ) |
| *In her official capacity*; | ) |
| | ) |
| and | ) |
| | ) |
| LISHAN KASSA, MD, | ) |
| | ) |
| Serve: | ) |
| Lishan Kassa, MD | ) |
| 4735 Valley Street | ) |
| Alexandria, VA 22312 | ) |
| | ) |
| *In her individual and official capacity*; | ) |
| | ) |
| and | ) |
| | ) |
| XIN WANG, NP, | ) |
| | ) |
| Serve: | ) |
| Xin Wang, NP | ) |
| 25767 Tullow Place | ) |
| Chantilly, VA 20152 | ) |
| | ) |
| *In her individual and official capacity*; | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY GARCIA, | ) |
| | ) |

Serve: )
Deputy Garcia )
Fairfax County Sheriff's Office )
4110 Chain Bridge Road )
Fairfax, VA 22030 )
 )
*In his individual and official capacity;* )
 )
Defendants. )
 )

## AMENDED COMPLAINT

Plaintiff Kesha T. Williams ("Ms. Williams," or "Plaintiff"), by counsel, and for her

Amended Complaint against Fairfax County Sheriff Stacey A. Kincaid ("Kincaid"), Xin Wang,

NP ("NP Wang"), Lishan Kassa, MD ("Dr. Kassa"), Deputy Garcia ("Garcia," collectively,

"Defendants"), states as follows:

## STATEMENT OF THE CASE

1.     Ms. Williams' suffered unconstitutional treatment while incarcerated at the

Fairfax County Adult Detention Center ("FCADC") in 2018 and 2019. Ms. Williams, a

transgender woman, should have been housed according to her gender as legally recognized by

the State of Maryland and, even if her gender had not been legally recognized, she should have

been housed according to her self-identification as a woman.

2.     Instead, Kincaid, by and through the staff she oversees and the policies she

promulgates, housed Ms. Williams in FCADC's male housing. This decision is plainly

unconstitutional, but it also raises issues of disability discrimination as Ms. Williams suffers

from gender dysphoria, a disability suffered by many (but certainly not all) transgender people.

3.     The decision to house Ms. Williams in male housing created the necessity to

provide reasonably accommodations for her gender dysphoria. Critically, the need to

accommodate Ms. Williams would likely not have been necessary if she had been placed in female housing.

4.        Once Defendants created the need for Ms. Williams' accommodation through their unconstitutional actions, they then failed to meet their statutory duties under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*., and/or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a.

5.        Ms. Williams simply sought humane conditions at FCADC; conditions that would allow her to maintain her dignity. Defendants failed her.

## NATURE OF ACTION

6.        This is an action under 42 U.S.C. § 1983 ("Section 1983") stemming from the treatment of Ms. Williams during her incarceration at the FCADC. Ms. Williams seeks relief due to Defendants' failure to provide medical treatment in violation of the Eighth Amendment to the United States Constitution. Ms. Williams further seeks relief for Equal Protection violations based on her sex under the Fourteenth Amendment.

7.        This action states an additional claim under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*., and/or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a, for Defendants' discrimination against Ms. Williams in violation of these Acts based on her disability, as well as a claim arising from Defendants' gross negligence in violation of the common law of Virginia.

## PARTIES

8.       Plaintiff Kesha T. Williams ("Ms. Williams," or "Plaintiff"), at all times relevant to this Complaint, was incarcerated by the Fairfax County Sheriff's Office at the Fairfax County Adult Detention Center in Fairfax County, Virginia.

9.       Ms. Williams is a transgender woman, an individual whose gender identity (female) is different from the gender (male) assigned to her at birth.

10.       Ms. Williams has completed a legal name change to her current name and a legal change in her gender markers in her resident state of Maryland. Her driver's license bears the designation of "female." In all ways, the law recognizes Ms. Williams' as a woman.

11.       As an individual whose gender identity is female, Ms. Williams identifies as a woman, expresses her gender identity as a woman, and lives full-time as a woman.

12.       Ms. Williams suffers from gender dysphoria, which is "discomfort or distress that is caused by a discrepancy between a person's gender identity and that person's sex assigned at birth (and the associated gender role and/or primary and secondary sex characteristics."[1]

13.       Gender dysphoria can in large part be alleviated through treatment, including hormone therapy.

14.       Ms. Williams sought to continue her ongoing treatment for gender dysphoria while in custody of FCADC. Ms. Williams' treatment consisted primarily of a hormone therapy, which she used to effectively manage and alleviate the gender dysphoria she experienced.

15.       Ms. Williams also sought accommodations for her condition from FCADC after being placed in male housing. These accommodations included access to female items such as

---

[1] This definition of gender dysphoria is provided by the World Professional Association for Transgender Health ("WPATH") Standards of Care, 7th version. For more information about WPATH and WPATH Standards of Care, please see Paragraph 24, *infra*.

undergarments, searches conducted by female, rather than male, Sheriff's deputies, and the ability to shower privately.

16.      Kincaid is the Sheriff of Fairfax County, and is the independent constitutional officer responsible for the operation of FCADC pursuant to Virginia law.

17.      Defendant Deputy Garcia ("Garcia"), at all times relevant to this Complaint, was, working for the Fairfax County Sheriff's Office, and was a person subject to suit under Section 1983.

18.      At all times relevant to this Complaint, Garcia was in uniform and displaying his badge of authority.

19.      At all times relevant to this Complaint, Garcia was acting under color of state law.

20.      Under Virginia law, Kincaid is responsible for establishing minimum performance standards and management practices to govern the deputies for whom she is responsible.

21.      Defendants NP Wang and Dr. Kassa were, at all relevant times, medical professionals who were employed or contracted by the Fairfax County Sheriff's Office to provide medical treatment to inmates at FCADC.

22.      Defendants NP Wang and Dr. Kassa were the individuals primarily responsible for Ms. William's medical treatment and participated in the denial to her of adequate and necessary medical treatment for gender dysphoria.

23.      Kincaid, by and through the deputies and jail employees who work under her authority, including Defendant Deputy Garcia, were, at all times relevant to this Complaint, responsible for the implementation of the FCADC's policies and procedures, as well as the welfare of inmates, including Ms. Williams.

JA-012

## JURISDICTION AND VENUE

24.     This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this action asserts a deprivation of one or more federal constitutional rights under Section 1983.

25.     This Court has supplemental jurisdiction over Ms. Williams' state law claims against Defendants under 28 U.S.C. § 1367(a) because the facts of the federal and state claims both occurred in this judicial district and form part of the same case or controversy.

26.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

## FACTS

***Standards of Care Applicable to Gender Dysphoria***

27.     The World Professional Association for Transgender Health ("WPATH") is the leading international organization focused on transgender health care. WPATH has more than 1,000 members throughout the world consisting of physicians, psychiatrists, psychologists, social workers, surgeons, and other health professionals who specialize in the diagnosis and treatment of gender dysphoria. WPATH's Standards of Care (the "Standards of Care") are the prevailing standards of care used by mental health providers and medical professionals treating gender dysphoria.

28.     The Standards of Care require that a competent medical professional with knowledge and expertise in gender dysphoria evaluate a patient for appropriate and necessary treatment options.

JA-013

29.     Medical treatment options vary and are often medically necessary. An individual with gender dysphoria may require feminization or masculinization of the body through hormone therapy and/or surgery to alleviate and effectively treat the condition.

30.     With effective treatment, individuals diagnosed with gender dysphoria are able to perform all major life activities.

### *Ms. Williams' Housing Classification*

31.     Ms. Williams was booked into FCADC on November 16, 2018.

32.     On this date, a Fairfax County Sheriff's Deputy provided Ms. Williams with the standard prison uniform provided to all female inmates, including 3 bras and 3 sets of female underwear.

33.     Ms. Williams was initially searched by a female deputy and escorted to the female side of the facility.

34.     Later that same day, November 16, 2018, Ms. Williams underwent an initial medical evaluation pursuant to FCADC policy.

35.     During this evaluation, Ms. Williams informed the medical provider, NP Wang, that she is transgender, that she lives full-time as a woman and identifies as a woman, that she has been on hormone treatment for the past fifteen (15) years, and that her current hormone medication regimen consists of a daily pill and a bi-weekly injection.

36.     After learning Ms. Williams is transgender, NP Wang asked Ms. Williams whether she had undergone bottom surgery or if she still had the genitalia with which she was born.

**JA-014**

37.     Kincaid, as the individual responsible for policy and training at FCADC, maintains a policy wherein transgender inmates are housed based on their genitalia.

38.     Specifically, Fairfax County Sheriff's Office Standard Operating Procedure 606 on "Transgender and Gender Non-Conforming Inmates" provides it is the policy of the Fairfax County Sheriff's Office that "[m]ale inmates shall be classified as such if they have male genitals" and "[f]emale inmates shall be classified as such if they have female genitals." SOP 606, Section II.E and Section II.F, respectively.

39.     After hearing Ms. Williams' answers, NP Wang changed Ms. Williams' records and labeled her as "male" for the purposes of housing classification.

40.     Sheriff's deputies at FCADC and NP Wang refer to Ms. Williams interchangeably as "male" and "female," as well as using both male and female pronouns, throughout her medical and carceral records.

41.     Sheriff's deputies at FCADC proceeded to place Ms. Williams in male housing based solely on the determination by NP Wang that Ms. Williams had male genitalia.

42.     Sheriff's deputies placed Ms. Williams in male housing without performing an assessment to determine Ms. Williams' vulnerability in the general jail population of the male unit for the purpose of ensuring Ms. Williams' safety and security.

43.     As a result of this housing reclassification, FCADC policy required Ms. Williams to return the female clothing she had been provided and replaced it with the same uniform worn by "male" inmates.

44.     Fairfax County Sheriff's Office policy provides that transgender and gender non-conforming inmates are to receive undergarments consistent with the gender of their housing assignment. Specifically, the policy states:

JA-015

> Transgender and gender non-conforming inmates shall be provided standard jail attire and privileges consistent with the gender of their housing assignment. Inmates under hormone therapy with secondary sexual characteristics, such as breasts, may be provided appropriate undergarments, such as a bra, when clinically indicated by appropriate medical staff.

SOP 606, Section IV.B.

45.     After Ms. Williams was forced to return the bras she was initially issued, Ms. Williams requested a bra from NP Wang as an accommodation. NP Wang instructed Ms. Williams to purchase a bra from the commissary.

### *Cessation of Ms. Williams' Ongoing Hormone Therapy Treatment Upon Incarceration*

46.     Ms. Williams brought the medication required for treatment of her gender dysphoria with her on the date of her booking into FCADC.

47.     Sheriff's deputies at FCADC asked Ms. Williams to store her medication in her locker along with other personal belongings prior to her incarceration.

48.     Upon her initial medical evaluation, Ms. Williams informed NP Wang that she had brought her medication with her and that it had been stored with her personal belongings at the facility.

49.     NP Wang did not permit Ms. Williams to retrieve the medication required for treatment of her gender dysphoria in order to prevent a lapse in her hormone therapy treatment.

50.     Fairfax County Sheriff's Office policy provides that "[t]ransgender or gender non-conforming inmates who were receiving hormone treatment and therapy at the time of their incarceration shall be referred to an appropriate medical doctor for further evaluation." SOP 606, Section IV.C.

51. Ms. Williams completed a medical records release form on November 16, 2018 authorizing FCADC personnel to obtain information about Ms. Williams' hormone treatment from her personal medical provider.

52. NP Wang's treatment notes indicate FCADC health care staff were to contact Ms. Williams' physician and follow up with Ms. Williams once her medical records were received.

53. NP Wang did not consult Ms. Williams' medical records or physician prior to stopping her hormone treatment.

54. Pursuant to WPATH's Standards of Care, the consequences of abrupt withdrawal of hormones when medically necessary include a high likelihood of negative outcomes such as surgical self-treatment by autocastration, depressed mood, dysphoria, and/or suicidality.

55. On or about December 1, 2018, Ms. Williams requested a visit from a nurse, known as a "sick call visit," due to symptoms she was experiencing as a result of the sudden cessation of her hormone therapy treatment.

56. The following day, a nurse responded to Ms. Williams' request and advised her to again fill out a medical records release form so that NP Wang could "start his meds," despite Ms. Williams having already completed such a release more than two (2) weeks prior.

57. During this medical visit, Ms. Williams requested she be permitted mental health treatment and counseling.

58. NP Wang received Ms. Williams' medical records from her regular medical provider on or about December 4, 2018.

59. NP Wang initialed and dated each page of Ms. Williams' medical records as she reviewed them.

60.    Ms. Williams' medical records provided that the hormone treatment she received was required to treat her gender dysphoria, a long-term diagnosis for which she had been regularly receiving treatment for years.

61.    NP Wang initialed those pages indicating Ms. Williams' diagnosis and her treatment.

62.    Despite NP Wang having abruptly ceased Ms. Williams treatment for gender dysphoria upon her arrival at FCADC, NP Wang took no immediate action to obtain Ms. Williams the daily medication she required.

63.    NP Wang did not record having received Ms. Williams' medical records in an official log at FCADC until December 10, 2018 – six days after she received those records.

64.    On or about December 10, 2018, NP Wang finally ordered Ms. Williams' medically-necessary daily medication.

65.    The nearly month-long period when Ms. Williams did not have the medication she required adversely affected her ongoing treatment for gender dysphoria and caused her significant mental and emotional distress.

66.    On or about December 11, 2018, NP Wang initiated Ms. Williams' hormone therapy treatment, which consisted of an injection once every two weeks and a daily oral hormone medication.

***Request for Female Undergarments as Accommodation***

67.    As directed by NP Wang, Ms. Williams attempted to purchase a bra from the commissary shortly into her incarceration.

**JA-018**

68.     In accordance with FCADC's unconstitutional policy, Ms. Williams' request to purchase a bra from the commissary was denied; Ms. Williams was informed the item was not available to purchase by those housed on the male side of the facility.

69.     On or about November 28, 2018, Ms. Williams made a written request to Kincaid, by and through FCADC's ADA Compliance Officer James Santmyers ("Santmyers") seeking a bra as a reasonable accommodation.

70.     On or about November 30, 2018, Ms. Williams saw NP Wang to determine if a medical need existed for the provision of a bra to Ms. Williams.

71.     On or about December 10, 2018, NP Wang granted Ms. Williams medical authorization to receive a bra as an accommodation for her condition.

72.     The bra provided to Ms. Williams by FCADC did not fit Ms. Williams and Ms. Williams was unable to wear it.

73.     Sheriff's deputies at FCADC told Ms. Williams the bra she had been provided was the largest size available at the facility.

74.     On information and belief, individuals in female housing at the facility were provided bras of an appropriate size as needed.

75.     FCADC did not provide Ms. Williams with a bra that fit throughout the duration of her incarceration where she remained housed with the male general population.

76.     Without the bra she required, Ms. Williams suffered back pain and embarrassment, as well as emotional distress related to gender dysphoria.

77.     On February 27, 2019, Ms. Williams requested to speak to Santmyers to request the provision of women's underwear.

JA-019

78. Santmyers referred this request to Medical. NP Wang saw Ms. Williams on March 3, 2019 to determine whether to authorize Ms. Williams to wear women's underwear in lieu of the men's boxer shorts she had been provided.

79. On March 4, 2019, Dr. Kassa reviewed NP Wang's notes and determined that, despite Ms. Williams' history of gender dysphoria, her request for women's underwear should be denied because there was "no indication for ordering women panties."

80. Dr. Kassa and NP Wang denied Ms. Williams' request for women's underwear to accommodate gender dysphoria, finding without explanation that the accommodation was not medically necessary.

***Lack of Private Showers, Intentional Misgendering, and Performance of Cross-Gender Searches at FCADC***

81. Throughout her incarceration at FCADC, Ms. Williams experienced harassment by Sheriff's deputies based on her sex, sex-based stereotypes, and/or her gender identity.

82. Sheriff's deputies at the facility primarily referred to Ms. Williams as "mister," "sir," "he," or "gentleman," despite her repeated requests to be referred to as "ma'am," "her," or by her legal name.

83. Upon information and belief, use of such terms to harass transgender inmates is widely practiced at the facility despite being contrary to FCADC policy.

84. Fairfax County Sheriff's Office policy provides that inmates "shall be called by their last names without reference to gender specific identifies such as Mr. Mrs. Miss, Ma'am, Sir or other gender specific terms used in addressing a person." SOP 606, Section IV.A.

85. Ms. Williams found herself subjected to harassment by male inmates that caused her to fear for her safety throughout her duration of her incarceration spent in male housing.

86.     FCADC policy related to transgender and gender non-conforming inmates did not permit Ms. Williams the option of showering privately despite her discomfort with showering in the presence of others while incarcerated in male housing.

87.     Deputies at FCADC repeatedly subjected Ms. Williams to cross-gender searches despite her polite requests to be searched by a female deputy.

88.     On at least one occasion, a Sheriff's deputy at FCADC threatened to place Ms. Williams in solitary confinement if she did not submit to a search of her person by a male deputy.

89.     Fairfax County Sheriff's Office Standard Operating Procedure 606 provides that, the following criteria be followed "if there is uncertainty by a deputy as to a classified inmate's gender:"

> "If the inmate is housed with the female population, the inmate shall be searched by female staff only;" and

> "If the inmate is housed with the male population, the inmate shall be searched by male staff only."

SOP 606, Section IV.D.

90.     In January 2019, during a "shakedown" search of Ms. Williams' housing unit, Ms. Williams requested that a female, rather than a male, deputy search her person. A female deputy was present during this search, but Ms. Williams' request was not honored.

91.     Garcia, a male deputy, searched Ms. Williams and stated, "Sir, you are a male and I need to search you," before proceeding to pat Ms. Williams down in a highly aggressive manner.

92.     Garcia knew Ms. Williams to be a transgender woman and knowingly conducted an unconstitutional cross-gender search of her person.

JA-021

93.     Garcia's search of Ms. Williams resulted in physical injury to Ms. Williams, including bruising to Ms. Williams' right breast. This injury caused Ms. Williams pain for several days.

94.     After completing his search of Ms. Williams' person, Garcia stepped to the side of the room and gestured toward Ms. Williams while interacting with other deputies. Garcia mocked Ms. Williams and made light of his actions in searching her person.

***Barriers to Ms. Williams' Entry to the Inmate Workforce Program***

95.     Ms. Williams received medical clearance to enter FCADC's Workforce Program on or about November 30, 2018.

96.     In December 2018, Ms. Williams made her first request to FCADC for consideration in the Workforce Program.

97.     After her first request went unanswered, Ms. Williams contacted Santmyers to discuss how she should seek entry into the Workforce Program.

98.     In January 2019, Ms. Williams made at least one additional written request to be considered for the Workforce Program.

99.     Ms. Williams again contacted Santmyers after her second written request went unanswered.

100.    Ms. Williams witnessed inmates who had been incarcerated for a shorter time than herself be granted entry into the Workforce Program in as little as two weeks, and believed her requests were being ignored based on her being transgender.

101.    On February 11, 2019, Ms. Williams made an additional written request to be considered for the Workface Program and directed it to Lt. Gouldsby pursuant to Santmyers'

direction. On this request, Ms. Williams noted that she had requested consideration on multiple prior occasions and believed she was being discriminated against and excluded from the Program because she was transgender.

102.    Fairfax County Sheriff's Office policy provides that transgender or gender non-conforming inmates "shall be provided an opportunity to participate in services, programs, and all other privileges routinely provided to all inmates housed in the Fairfax County Adult Detention Center." SOP 606, Section II.B.

103.    On February 29, 2019, FCADC responded for the first time to Ms. Williams' requests to be considered for the Workforce Program.

104.    The response to Ms. Williams' complaint and request for consideration included a denial of FCADC having ever received prior written requests from Ms. Williams to enter the Program. FCADC instructed Ms. Williams to make additional written requests for consideration and direct them to two different deputies at the facility.

105.    On March 5, 2019, Ms. Williams submitted two additional requests to be considered to the Workforce Program as directed.

106.    In late March 2019, FCADC finally acknowledged and reviewed Ms. Williams' requests and granted her permission to participate in the Workforce Program.

***Lapse in Hormone Therapy Treatment Provided During Incarceration***

107.    Upon her acceptance and entry into the Workforce Program, Ms. Williams' oral medications were to be released by FCADC upon Ms. Williams' agreement they be self-administered.

16

JA-023

108.     After Ms. Williams agreed to self-administer her medications, FCADC delayed in releasing her medications.

109.     As a result, Ms. Williams missed several days of her oral hormone medication before it was provided by FCADC.

110.     Ms. Williams' bi-weekly hormone injections continued to be administered by FCADC under the supervision of NP Wang.

111.     NP Wang failed to provide Ms. Williams the hormone injection she was scheduled to receive on April 22, 2019.

112.     NP Wang failed to provide Ms. Williams the subsequent hormone injection she was scheduled to receive on May 6, 2019.

113.     On May 9, 2019, Ms. Williams submitted a written complaint to FCADC noting she had not been receiving her required and approved treatment.

114.     On May 20, 2019, Ms. Williams was released from FCADC custody.


## COUNT I
### Civil Rights Violation of 42 U.S.C. § 1983: Eighth Amendment
### Deliberate Indifference

#### *Against Defendant Xin Wang, NP*

115.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

116.     Defendant NP Wang knew of Ms. Williams' history of the serious medical condition of gender dysphoria and knew, without necessary treatment, this condition would cause Ms. Williams serious symptoms, including mental distress.

JA-024

117.    NP Wang failed to conduct an individualized assessment of the care Ms. Williams required for gender dysphoria upon learning of her condition early in her incarceration at FCADC.

118.    NP Wang knowingly and intentionally stopped Ms. Williams' ongoing hormone therapy treatment despite knowing the serious risk to Ms. Williams health that abruptly stopping such treatment would pose.

119.    NP Wang knowingly and intentionally interrupted the hormone therapy treatment eventually provided to Ms. Williams during her incarceration despite knowing she required consistent treatment to prevent serious adverse health effects.

120.    NP Wang knew about and ignored an excessive risk to Ms. Williams' health that resulted from failing to provide her medically necessary treatment in a timely and uninterrupted manner.

121.    At all times relevant to this Complaint, NP Wang remained deliberately indifferent to Ms. Williams' medical need to be adequately treated for gender dysphoria, including continuation of her ongoing hormone therapy treatment as well as regular and consistent provision of hormone therapy throughout her incarceration as required to alleviate Ms. Williams' serious medical symptoms.

122.    NP Wang's denial of necessary medical treatment for gender dysphoria caused irreparable harm and unnecessary suffering to Ms. Williams, including severe anxiety and distress resulting in emotional and psychological harm.

123.    NP Wang's failure to provide necessary medical treatment to Ms. Williams violated the Eighth Amendment to the United States Constitution. As a direct result of Defendant's actions, Ms. Williams suffered damages including, without limitation, pain and

18

suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

124.    NP Wang, by engaging in the aforementioned acts and/or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Ms. Williams, thereby justifying the award of punitive damages in an amount to be determined at trial.

## COUNT II
### Equal Protection Violation of 42 U.S.C. § 1983: Fourteenth Amendment Discrimination Based on Sex

### *Against Sheriff Kincaid and Deputy Garcia*

125.    The allegations in the foregoing paragraphs are incorporated as if realleged herein.

126.    Under the Equal Protection Clause of the Fourteenth Amendment, discrimination based on sex is presumptively unconstitutional and subject to heightened scrutiny.

127.    Sheriff's deputies employed at FCADC discriminated against Ms. Williams based on her sex by failing to process, search, and house Ms. Williams based on her gender identity, but rather searching and housing Ms. Williams in accordance with her biological sex.

128.    Kincaid instituted the policy by which her subordinates made the determination to process, search and house, Ms. Williams based on her biological sex rather than her gender identity.

129.    Kincaid bore responsibility for managing the application of the policy at FCADC by herself and the deputies under her command.

130.    FCADC's blanket policy of classifying inmates based on their birth-assigned sex for purposes of housing is contrary to federal regulations propounded pursuant to the Prison Rape Elimination Act ("PREA").

131.    Federal regulations pertaining to the PREA provide that in "deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates, and in making other housing and programming assignments, the agency shall consider on a case-by-case basis whether placement would ensure the inmate's health and safety, and whether the placement would present management or security problems." 28 C.F.R. § 115.42(c).

132.    Kincaid discriminated against Ms. Williams on the basis of sex by placing her in male housing at FCADC based solely on her genitalia and without concern for her health and safety among the general population in male housing.

133.    FCADC's policy of treating transgender individuals as the sex of their housing assignment for the purpose of triggering cross-gender search protections is contrary to federal PREA regulations.

134.    PREA regulations provide that cross-gender pat-down search should not occur unless there is an emergency. 28 C.F.R. § 115.15(a).

135.    Fairfax County Sheriff's Office, through Kincaid, does not describe any policy or procedure for searches of transgender and/or gender non-conforming inmates in the event they do not feel safe being searched by an individual of a particular gender.

136.    PREA regulations require effective training of deputies to conduct professional and respectful searches of transgender persons. 28 C.F.R. § 115.15(f).

JA-027

137.    Kincaid discriminated against Ms. Williams on the basis of sex by subjecting her to cross-gender searches despite her stated discomfort with pat-down searches conducted by male deputies.

138.    Garcia discriminated against Ms. Williams on the basis of sex by subjecting her to a cross-gender search of her person despite his knowledge that Ms. Williams is a woman. Ms. Williams expressed to Garcia, a male deputy, her discomfort with being subjected to a pat-down search performed by a male deputy.

139.    Fairfax County Sheriff's Office, through Kincaid, does not describe any policy or procedure that permits transgender individuals to shower privately.

140.    PREA regulations require transgender persons be permitted to shower privately. 28 C.F.R. § 115.42(f).

141.    Kincaid discriminated against Ms. Williams based on sex by requiring she shower in the male shower facility based solely on her housing assignment and without consideration for her health and safety.

142.    Kincaid knew or should have known that FCADC's current policy created a pervasive and unreasonable risk of constitutional injury to individuals who identified themselves as a gender other than their birth-assigned sex, such as Ms. Williams.

143.    If not for the policy enacted by Kincaid and followed by her subordinates at FCADC, the constitutional injury suffered by Ms. Williams would not have occurred.

144.    The Fairfax County Sheriff's Office does not require inmates who are not transgender or gender non-conforming to be subject to cross-gender searches during their incarceration.

145.     Sheriff's deputies subjected Ms. Williams to discrimination based on her gender identity by purposefully misgendering her and delaying her participation in a beneficial workforce program at the facility.

146.     These actions by the deputies violated FCADC policy requiring inmates be referred to only by their last name, as well as policy requiring that transgender inmates be provided the same opportunity to participate in services and programs afforded to other inmates at the facility.

147.     Kincaid either knew or should have known that such treatment of transgender and/or gender non-conforming inmates, contrary to FCADC's policy, had become pervasive at the facility based on the frequency and obviousness of the violations.

148.     Inmates at the facility who were not transgender were permitted to enter the Workforce Program as early as two weeks into their incarceration.

149.     Sheriff's deputies at FCADC ignored Ms. Williams' initial requests to enter the program, resulting in her denial of the benefit for several months.

150.     Sheriff's deputies at FCADC engaged in this behavior because Ms. Williams is transgender, because she is attempting to transition genders, and/or because of the discriminatory, sex-based belief that people who are assigned the male sex at birth should display only stereotypically male characteristics, behaviors, or dress.

151.     Defendants discriminated against Ms. Williams because of sex, sex stereotyping and/or gender identity and deprived Ms. Williams of her right to equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution.

JA-029

152.    Defendants' actions were not substantially related to any important government interest, nor were they even rationally related to any legitimate government or penological interest.

153.    As a direct result of Defendants' actions, Ms. Williams has suffered damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

154.    Defendants, by engaging in the aforementioned acts and/or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Ms. Williams, thereby justifying the award of punitive damages in an amount to be determined at trial.

**COUNT III**
**Failure to Accommodate**
**Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 *et seq*.**
**Section 504 of the Rehabilitation Act, 29 U.S.C. §794a**

***Against Kincaid, Xin Wang, NP, and Lishan Kassa, MD***

155.    The allegations in the foregoing paragraphs are incorporated as if realleged herein.

156.    Ms. Williams suffers from a disability within the meaning and scope of 42 U.S.C. § 12102. Accordingly, Ms. Williams is a member of the class of persons protected by the ADAAA and Section 504 of the Rehabilitation Act, which makes it unlawful for a public entity and entities receiving federal funds to discriminate against an individual with a disability, or to deny the benefits of the services, programs, or activities of a public entity or entity receiving federal funds to a person with a disability.

157.    Ms. Williams is a qualified individual with a disability under Title II of the ADA, as the definition provided in the ADAAA encompasses individuals who rely on mitigating measures to ameliorate the effects of an impairment.

158.    Ms. Williams' disability substantially limits major life activities in the absence of hormone therapy and accommodations which permit her to live and present as a woman.

159.    With treatment, Ms. Williams can perform all major life activities.

160.    Defendants knowingly and intentionally failed to provide Ms. Williams with the necessary medication, aids, or services she requested, subjected her to discrimination, and/or maintained policies and procedures that had a disparate impact on Ms. Williams because of her disability and resulting in Ms. Williams being denied the same benefits and services available to inmates who do not have gender dysphoria.

161.    The accommodations requested by Ms. Williams included access to female undergarments, permission to be searched by female, rather than male, deputies, and access to a private shower.

162.    These accommodations were required as a result of FCADC's unconstitutional policy that required she be housed among the male population.

163.    In the event, *arguendo*, FCADC's policy of housing individuals based on their genitalia is found to be constitutional, Defendants bear responsibility for failing to provide the accommodations Ms. Williams required on account of her condition that arose as a result of her placement in male housing.

164.    Defendants denied Ms. Williams these accommodations, necessary to ensure her health, safety, and welfare while incarcerated at FCADC.

165.    Defendants' acts and omissions violated the ADA and Section 504, which prohibit discrimination on the basis of physical and mental disability and protect persons such as Ms. Williams from the type of injuries and damages set forth herein.

166.    As a direct and legal result of Defendants' actions and omissions, Ms. Williams has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; and other pecuniary losses not yet ascertained.

**COUNT IV**
**Common Law Gross Negligence**

*Against All Defendants*

167.    The allegations in the foregoing paragraphs are incorporated as if realleged herein.

168.    Defendants failed to comply with professional standards in the treatment, care, and supervision of Ms. Williams during her incarceration at FCADC. Defendants' failures include but are not limited to: failing to provide timely and necessary medical treatment; punishing Ms. Williams for behaviors and actions reflecting her medical diagnosis; denying her access to programs and activities; and failing to house Ms. Williams safely.

169.    Kincaid failed to appropriately supervise, review, and ensure the provision of adequate care and treatment to Ms. Williams by custody and medical staff, and failed to enact appropriate standards and procedures that would have prevented the harm she has experienced.

170.    Defendants acted negligently and improperly, breached their respective duties to Ms. Williams, and as a direct and proximate result, Ms. Williams suffered injuries and damages as alleged herein.

171.    The negligent conduct of Defendants was committed within the course and scope of their employment.

172.    The aforementioned acts of individual Defendants were conducted with conscious disregard for the safety of Ms. Williams and others, and were therefore malicious, wanton, and oppressive. As a result, Defendants' actions justify an award of punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff KESHA T. WILLIAMS requests that this Court enter judgment in her favor, and against Defendant Xin Wang, NP as to Count I, Defendants Stacey A. Kincaid and Deputy Garcia as to Count II, Defendants Stacey A. Kincaid, Xin Wang, NP, and Lishan Kassa, MD as to Count III, and all Defendants as to Count IV, and provide:

(a) For injunctive and declaratory relief, including but not limited to ordering Defendants to provide inmates with gender dysphoria with adequate and necessary medical care; and declaring unconstitutional and violative of federal law Defendants' practices in denying Ms. Williams and other similarly situated inmates with adequate and necessary medical treatment; and in addition

(b) For injunctive and declaratory relief, including but not limited to ordering Defendants to conduct individualized housing assessments for transgender inmates, enact policy that permits transgender inmates to request a search be conducted by an individual of a certain sex, enact policy that requires Fairfax County Sheriff's deputies adhere to transgender inmates stated request to be searched by an individual of their own sex, permit transgender individuals access to private showers as well as access to clothing

JA-033

and hygiene items consistent with their gender identity; and declaring

unconstitutional and violative of federal law Defendants' practices of housing; and in

addition

(c)  For compensatory, general and special damages, in an amount to be determined at

trial; and in addition

(d)  For punitive damages as to each of Ms. Williams' respective Counts against

individual Defendants in an amount to be determined at trial; and in addition

(e)  For attorneys' fees, costs, and expenses incurred by Ms. Williams in this action

pursuant to statute; and in addition

(f)  Award any further relief this Court deems just and appropriate under the

circumstances.


### JURY DEMAND

**PLAINTIFF KESHA T. WILLIAMS DEMANDS A TRIAL BY JURY.**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kesha T. Williams demands a trial by jury.


Dated:          February 12, 2021              Respectfully,


                         _____/s/_____
                         Joshua Erlich, VA Bar No. 81298
                         Davia Craumer, VA Bar No. 87426
                         Katherine L. Herrmann, VA Bar No. 83203
                         THE ERLICH LAW OFFICE, PLLC
                         2111 Wilson Blvd., Ste. 700
                         Arlington, VA  22201
                         Tel:    (703) 791-9087
                         Fax:    (703) 722-8114
                         Email: jerlich@erlichlawoffice.com
                                 dcraumer@erlichlawoffice.com
                                 kherrmann@erlichlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, a true copy of the foregoing was filed electronically with the Clerk of the Court and served electronically using the CM/ECF upon:

Alexander Fracuzenko (VSB No. 36510)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: (703) 865-7480
Fax: (703) 434-3510
alex@cookcraig.com

*Counsel for Defendant Stacey A. Kincaid*


_____/s/_____
Joshua Erlich, VA Bar No. 81298
Davia Craumer, VA Bar No. 87426
Katherine Herrmann, VA Bar No. 83203
The Erlich Law Office, PLLC
2111 Wilson Blvd.
Suite 700
Arlington, VA  22201
Tel:    (703) 791-9087
Fax:    (703) 722-8114
Email: jerlich@erlichlawoffice.com
         dcraumer@erlichlawoffice.com
         kherrmann@erlichlawoffice.com


*Counsel for Plaintiff Kesha T. Williams*

28

**JA-035**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KESHA T. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:20-cv-01397 (CMH/TCB) |
| STACEY A. KINCAID, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO EXTEND TIME TO SERVE

Plaintiff Kesha T. Williams, through counsel, hereby submits this Motion to Extend Time to Serve Defendants.

Plaintiff filed this case on November 16, 2020. Because of the nature of the case, Plaintiff could not identify three of the defendants at the time the case was filed. Plaintiff filed a motion for early discovery on November 17, 2020, which this Court granted on the same date.

Plaintiff worked diligently through investigation, communication with opposing counsel, and the use of subpoenas to identify the Doe Defendants in this matter. As a result, Plaintiff has now identified the Defendants she intends to serve.

Plaintiff's 90-day deadline to serve Defendants expires on February 16, 2021. Good cause exists to grant an extension of time because Plaintiff required most of the notice period to identify the Defendants, which she did as quickly as possible. Plaintiff therefore respectfully requests an extension of thirty (30) days, until March 18, 2021, to serve Defendants.

A proposed order is filed herewith.

**JA-036**

Dated:        February 12, 2021            Respectfully,


                                    _____/s/_____
                                    Katherine L. Herrmann, VA Bar No. 83203
                                    THE ERLICH LAW OFFICE, PLLC
                                    2111 Wilson Blvd., Ste. 700
                                    Arlington, VA  22201
                                    Tel:    (703) 791-9087
                                    Fax:    (703) 722-8114
                                    Email: kherrmann@erlichlawoffice.com

                                    *Counsel for Plaintiff*

**JA-037**

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, the foregoing was filed electronically with the Clerk of the Court, where it will be shared with the following:

Alexander Francuzenko (VSB No. 36510)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: (703) 865-7480
Fax: (703) 434-3510
alex@cookcraig.com

          /s/

Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*

JA-038

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| KESHA T. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:20-cv-01397 (CMH/TCB) |
| STACEY A. KINCAID, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on Plaintiff Kesha T. Williams' Motion to Extend

Time to Serve (Dkt. 25).  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, it is

hereby

**ORDERED** that Plaintiff's Motion (Dkt. 25) is **GRANTED**; and it is further

**ORDERED** that Plaintiff has an additional 30 days in which to serve Defendants, until

March 18, 2021.

ENTERED this 16th day of February, 2021.

/s/
_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

JA-039

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KESHA T. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:20-cv-01397-CMH-TCB |
| | : | |
| STACEY A. KINCAID, et al. | : | |
| | : | |
| Defendants. | : | |

<u>**DEFENDANT'S MOTION TO DISMISS**</u>

COMES NOW the Defendant, Stacey A. Kincaid ("Defendant" or "Sheriff Kincaid") by and through her undersigned counsel, Alexander Francuzenko, Esq. and the law firm of Cook Craig & Francuzenko, PLLC, and hereby moves this Court to Dismiss the Amended Complaint (ECF No. 21) filed against her by the Plaintiff, Kesha T. Williams.  In support thereof, Sheriff Kincaid specifically refers the Court to her Memorandum in Support filed herewith.

Respectfully submitted,

_____/s/_____
Alexander Francuzenko, VSB #36510
Philip C. Krone, Esq. VSB #87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for Defendant Stacey A. Kincaid*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of February 2020, I electronically filed the foregoing

Motion to Dismiss with the Clerk of Court using the CM/ECF system and served a copy upon the

following via email to:

> Josh Erlich, Esq.
> The Erlich Law Office, PLLC
> 2111 Wilson Blvd., Suite 700
> Arlington, VA  22201
> Phone: (703) 791-9087
> jerlich@erlichlawoffice.com
> *Counsel for Plaintiff*

> _____/s/_____
> Alexander Francuzenko, VSB #36510
> Philip C. Krone, Esq. VSB #87723
> Cook Craig & Francuzenko, PLLC
> 3050 Chain Bridge Road, Suite 200
> Fairfax, VA 22030
> Phone (703) 865-7480
> Fax (703) 434-3510
> alex@cookcraig.com
> pkrone@cookcraig.com
> *Counsel for Defendant Stacey A. Kincaid*

JA-041

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KESHA T. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:20-cv-01397-CMH-TCB |
| | : | |
| STACEY A. KINCAID, et al. | : | |
| | : | |
| Defendants. | : | |

## <u>DEFENDANT'S MOTION TO DISMISS</u>

COMES NOW the Defendant, Deputy Garcia, by and through her undersigned counsel, Alexander Francuzenko, Esq. and the law firm of Cook Craig & Francuzenko, PLLC, and hereby moves this Court to Dismiss the Amended Complaint (ECF No. 21) filed against him by the Plaintiff, Kesha T. Williams.  In support thereof, Deputy Garcia specifically refers the Court to her Memorandum in Support filed herewith.

Respectfully submitted,

_____/s/_____
Alexander Francuzenko, VSB #36510
Philip C. Krone, Esq. VSB #87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for Defendant Garcia*

1

**JA-042**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April 2021, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system and served a copy upon the following via email to:

> Josh Erlich, Esq.
> The Erlich Law Office, PLLC
> 2111 Wilson Blvd., Suite 700
> Arlington, VA 22201
> Phone: (703) 791-9087
> jerlich@erlichlawoffice.com
> *Counsel for Plaintiff*

> _____/s/_____
> Alexander Francuzenko, VSB #36510
> Philip C. Krone, Esq. VSB #87723
> Cook Craig & Francuzenko, PLLC
> 3050 Chain Bridge Road, Suite 200
> Fairfax, VA 22030
> Phone (703) 865-7480
> Fax (703) 434-3510
> alex@cookcraig.com
> pkrone@cookcraig.com
> *Counsel for Defendant Garcia*

JA-043

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| KESHA T. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:20-cv-01397-CMH-TCB |
| | : | |
| STACEY A. KINCAID, et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Defendant, Xin Wang, NP ("Nurse Wang") by and through her undersigned counsel, Alexander Francuzenko, Esq. and the law firm of Cook Craig & Francuzenko, PLLC, and hereby moves this Court to Dismiss the Amended Complaint (ECF No. 21) filed against her by the Plaintiff, Kesha T. Williams.  In support thereof, Nurse Wang specifically refers the Court to her Memorandum in Support filed herewith.

Respectfully submitted,

_____/s/_____
Alexander Francuzenko, VSB #36510
Philip C. Krone, Esq. VSB #87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for Defendant Xin Wang*

1

**JA-044**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of April, 2021, I electronically filed the foregoing

Motion to Dismiss with the Clerk of Court using the CM/ECF system and served a copy upon the

following via email to:

>Josh Erlich, Esq.
>The Erlich Law Office, PLLC
>2111 Wilson Blvd., Suite 700
>Arlington, VA  22201
>Phone: (703) 791-9087
>jerlich@erlichlawoffice.com
>*Counsel for Plaintiff*

>_____/s/_____
>Alexander Francuzenko, VSB #36510
>Philip C. Krone, Esq. VSB #87723
>Cook Craig & Francuzenko, PLLC
>3050 Chain Bridge Road, Suite 200
>Fairfax, VA 22030
>Phone (703) 865-7480
>Fax (703) 434-3510
>alex@cookcraig.com
>pkrone@cookcraig.com
>*Counsel for Defendant Xin Wang*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KESHA T. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-1397 |
| | ) |
| STACY A. KINCAID, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Stacy A. Kincaid's Motion to Dismiss for Failure to State a Claim.

Plaintiff is a transgender woman who has lived as a female and received hormone therapy for fifteen years. Plaintiff, however, maintains the male genitalia with which she was born. From 2018 to 2019, Plaintiff was incarcerated by the Fairfax County Sheriff's Office. Defendant Kincaid is the Sheriff of Fairfax County and responsible for the operation of the Fairfax County Adult Detention Center ("Detention Center"). During Plaintiff's intake at the Detention Center, she was classified as a male based on the Sheriff's Office policy that inmates are classified in accordance with his or her genitalia. Based on this classification, Plaintiff was placed in male housing and was subject to search by male staff. She also received male undergarments based on Sheriff's

Office policy that transgender inmates receive undergarments consistent with their housing classification.

In November 2020, Plaintiff brought suit against Defendant Kincaid (in her official capacity) and others acting on behalf of—or in coordination with—the Sheriff's Office. Plaintiff amended her complaint on February 12, 2021. The Amended Complaint claims Defendant Kincaid discriminated against Plaintiff based on Plaintiff's sex, in violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff claims Defendant Kincaid is liable under the doctrine of *respondeat superior* for discrimination by the deputies at the Detention Center who failed to process, search, and house Plaintiff based on her gender identity. Additionally, Plaintiff asserts that Defendant Kincaid is responsible for discrimination because she instituted the classification and search policies that resulted in Plaintiff's alleged injury.

The Amended Complaint also includes a cause of action against Defendant Kincaid for failure to accommodate a disability in violation of the Americans with Disabilities Amendments Act ("ADAA") and Rehabilitation Act ("RA"). See 42 U.S.C. § 12101 *et seq.*; 29 U.S.C. § 794(a). Plaintiff asserts that she suffers from gender dysphoria and is therefore a qualified individual with a disability protected under the ADAA and RA.

Finally, the Amended Complaint asserts that Defendant Kincaid committed gross negligence when she failed to "appropriately

2

JA-047

supervise, review, and ensure the provision of adequate care and treatment" to Plaintiff. It also asserts gross negligence when Defendant Kincaid "failed to enact appropriate standards and procedures that would have prevented" Plaintiff's harm.

On February 26, 2021, Defendant Kincaid filed a Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of Plaintiff's ADAA and RA claims as time barred and argues that gender dysphoria is not a qualified disability. The Motion also argues for dismissal of Plaintiff's gross negligence claim because Defendant Kincaid exercised some degree of care and because there is no showing that Defendant Kincaid was the proximate cause of Plaintiff's alleged injuries. Plaintiff voluntarily dismisses her 42 U.S.C. § 1983 claim in the Memorandum in Opposition of March 12, 2021. Defendant Kincaid's March 18, 2021 Reply withdrew the argument that Plaintiff's ADAA and RA claims are time barred.

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the

JA-048

*possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original). Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff has not stated a claim upon which relief can be had against Defendant Kincaid. First, Plaintiff has not shown she is a qualified individual with a disability within the scope of the ADAA and RA. Upon passing Americans with Disabilities Act, Congress excluded from the term "disability" all "gender identity disorders not resulting from physical impairments." 42 U.S.C. § 12211(b)(1). The Amended Complaint describes gender dysphoria as "discomfort or distress that is caused by a discrepancy between a person's gender identity and that person's sex assigned at birth (and the associated gender role and/or primary and secondary sex characteristics)." The issue in this case is whether gender dysphoria is the result of a physical impairment and thus excluded from the scope of the ADAA and RA.

Plaintiff argues that her disorder is alleviated by medical treatment and that, without hormone therapy, the disorder would substantially limit her major life activities. But the Amended Complaint fails to demonstrate that gender dysphoria is the result of a physical impairment. The Amended Complaint's definition of gender dysphoria only references physical features when it mentions genitalia not corresponding to a person's perception of her own gender. The Amended Complaint does not assert that Plaintiff's genitalia is an impairment.

Plaintiff cites the congressional record and committee hearing transcripts in an unsuccessful attempt to bring her disorder within the scope of the ADAA. The Court is unwilling to delve into legislative history when the text of the statute is unambiguous, as it is here. Plaintiff must allege some physical impairment that resulted in her gender dysphoria. She has not. Thus, her ADAA and RA claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Next, Plaintiff's allegations of gross negligence against Defendant Kincaid fail to state a claim upon which relief may be had. Plaintiff's first theory, that Defendant Kincaid committed gross negligence when she failed to enact appropriate standards and procedures to prevent Plaintiff's harm, fails because the allegations in Plaintiff's Amended Complaint preclude recovery under Virginia law.

5

JA-050

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622 (2016) (internal citations omitted). Generally, the existence of gross negligence is a question of fact for the jury. But "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy" and thus, "a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." Id. (internal citations omitted).

The Amended Complaint shows Defendant Kincaid exercised some degree of care. Defendant Kincaid enacted standards relating to gender classification directed at promoting safety of inmates and prison staff. This shows the existence of some degree of care toward inmates, including Plaintiff. The Amended Complaint states that Defendant Kincaid committed gross negligence when she "failed to enact *appropriate* standards" to prevent Plaintiff's harm. (Emphasis added). Though Plaintiff describes the policy as inappropriate and inadequate, the allegations in the Amended Complaint show Defendant Kincaid exercised more than indifference. Under Virginia law, this degree of care is all that is necessary to preclude Plaintiff's gross negligence cause of action.

Plaintiff's theory of gross negligence based on the doctrine of respondeat superior fails for the same reasons. Though Defendant

JA-051

Kincaid is responsible for the acts of her officers authorized by her implemented policies, the challenged policies inherently show some degree of care for inmates such as Plaintiff. Plaintiff's claim against Defendant Kincaid for gross negligence must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the foregoing reasons, Plaintiff has failed to state a claim against Defendant Kincaid, and the Complaint should be dismissed. An accompanying order shall issue.


_Claude M. Hilton_
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June __7__, 2021

7

JA-052



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KESHA T. WILLIAMS,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Civil Action No. 1:20-cv-1397
                                  )
STACY A. KINCAID, et al.,         )
                                  )
            Defendants.           )

<u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on the Motions to Dismiss by Defendants Deputy Garcia and Xin Wang.

Plaintiff is a transgender woman who has lived as a female and received hormone therapy for fifteen years. From 2018 to 2019, Plaintiff was incarcerated at the Fairfax County Adult Detention Center ("Detention Center"). Because Plaintiff maintains the male genitalia with which she was born, Plaintiff was classified as a male during her intake. This classification was in accordance with the Sheriff's Office policy that inmates are classified based on his or her genitalia. Defendant Wang is a nurse practitioner who conducted Plaintiff's medical evaluation at the time of her intake at the Detention Center. Plaintiff informed Defendant Wang of her ongoing hormone treatment, which at the time consisted of a daily pill and bi-weekly injections.

Defendant Garcia is a deputy of the Fairfax County Sheriff's Office. In January 2019, he conducted a search of Plaintiff's person during a shakedown of Plaintiff's housing unit.

In November 2020, Plaintiff filed the present action against the Sheriff of Fairfax County, Maxim Healthcare Services, Inc., nine "Custody Does," and six "Health Care Does." Plaintiff amended the Complaint on February 12, 2021 to include Defendants Wang (presumably, one of the Health Care Does) and Garcia (presumably, a Custody Doe). Defendants Wang and Garcia filed the present Motions to Dismiss on April 2, 2021.

A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original).

Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does

JA-054

not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Count I of the Amended Complaint claims that Defendant Wang acted with deliberate indifference toward Plaintiff as prohibited by the Eighth Amendment and brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Wang knowingly and intentionally stopped and interrupted Plaintiff's hormone therapy treatments, denied her treatment for gender dysphoria, and failed to conduct an individualized assessment of Plaintiff's gender dysphoria early during her incarceration.

First, some of Plaintiff's claims must be dismissed as time barred. Though Plaintiff filed the initial Complaint in November 2020, Defendants Garcia and Wang were not named as defendants until Plaintiff amended her complaint on February 12, 2021.

The Relation Back doctrine—which applies to defendants originally named as "Does" in the initial pleadings but identified later in an amended complaint—does not apply here. For claims against a re-named defendant in an amended complaint to relate back, the re-named defendants must receive notice of the claim before expiration of the service provided in Federal Rule of Civil Procedure 4(m). Rule 4(m) states that a defendant must be served within 90 days after the complaint is filed. The Court extended

3

the time period for Plaintiff to serve Defendants in this matter, but this extension does not apply for the purpose of the Relation Back doctrine. Thus, Plaintiff had until February 14, 2021, 90 days after filing the initial Complaint, to serve Defendants. She failed to do so; therefore, any claims premised on actions occurring more than two years prior to the filing of the Amended Complaint, February 12, 2021, are barred by the § 1983 two-year statute of limitations.

Within the relevant time period following February 12, 2019, the Amended Complaint references only one instance involving Defendant Wang that forms the basis of Plaintiff's deliberate indifference claim: the interruption of Plaintiff's hormone injections from April 22 to May 6, 2019.

The Amended Complaint claims that these injections were administered by the Detention Center "under the supervision of NP Wang," suggesting Defendant Wang is liable as a supervisor for the lapse in Plaintiff's hormone treatment. To show supervisory liability in a claim brought under § 1983, a plaintiff must show the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices; and

4

> (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations omitted).

The Amended Complaint states that on May 9, 2019 Plaintiff submitted to the Detention Center a written complaint about her lapse in hormone injections. This is the Amended Complaint's only allegation that Defendant Wang had at least constructive knowledge of the Detention Center's failure to provide Plaintiff with her hormone injections. The Amended Complaint does not mention Defendant Wang's response (if any) to Plaintiff's written complaint. In fact, Plaintiff was released from the Detention Center only a few days later. Even assuming Defendant Wang had constructive knowledge, her response was not so inadequate so as to show deliberate indifference or tacit approval of the missed treatments. Count I against Defendant Wang is dismissed for failure to state a claim.

The Amended Complaint also claims Defendant Garcia discriminated against Plaintiff on the basis of her sex, in violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff asserts that Defendant Garcia discriminated against her by "subjecting her to a cross-gender search of her person despite his knowledge that Ms. Williams is a woman." Plaintiff has not

stated a claim upon which relief can be granted against Defendant Garcia.

The § 1983 claim against Defendant Garcia is premised on a search that occurred in January 2019. Count II against Defendant Garcia is barred by the two-year statute of limitations and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count III of the Amended Complaint claims that Defendant Wang failed to accommodate Plaintiff's alleged disability pursuant to the Americans with Disabilities Act Amendments Act ("ADAA") and the Rehabilitation Act ("RA"). In her Memorandum in Opposition to the present Motion, Plaintiff stipulates to dismissal of Count III.

Plaintiff's cause of action for gross negligence against Defendants Garcia and Wang also fail to state a claim upon which relief may be had.

With respect to the allegations against Defendant Wang, "all tort claims based on the provision of health care services against health care providers are considered malpractice claims and are governed by the Virginia Medical Malpractice Act." Gedrich v. Fairfax Cty. Dep't of Fam. Servs., 282 F. Supp. 2d 439, 477 (E.D. Va. 2003). The gross negligence claim against Defendant Wang, a health care provider, is thus a medical malpractice claim under Virginia law.

JA-058

As previously discussed, the only allegation against Defendant Wang that falls within the appropriate time period is her alleged failure to supervise the Detention Center's provision of Plaintiff's hormone injections from April 22 to May 6, 2019.

Virginia law states "there is no basis or reason for holding a physician liable for the conduct of another physician, a hospital nurse, or any other hospital employee" for medical malpractice under a theory of vicarious liability." Wolf v. Fauquier Cty. Bd. of Sup'rs, No. 1:06CV945, 2007 WL 2688418, at *6 (E.D. Va. Sept. 12, 2007) (internal quotations omitted). As such, there is no basis to hold Defendant Wang liable in a supervisory role for the Detention Center's failure to administer Plaintiff's injections. The claim against Defendant Wang for gross negligence should be dismissed for failure to state a claim upon which relief may be granted.

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622 (2016) (internal citations omitted). It "requires a degree of negligence that would shock fair-minded persons." Id. Generally, the existence of gross negligence is a question of fact for the jury. But "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy" and thus, "a claim for gross negligence must fail as

a matter of law when the evidence shows that the defendants exercised some degree of care." Id. (internal citations omitted).

The Amended Complaint shows Defendant Garcia exercised some degree of care. Defendant Garcia's search of Plaintiff complied with the Sheriff's Office policies relating to gender classification, which are directed at promoting the safety of inmates and prison staff. This shows the existence of some degree of care toward inmates, including Plaintiff. Under Virginia law, this degree of care is all that is necessary to preclude Plaintiff's gross negligence cause of action.

For the foregoing reasons, Plaintiff has failed to state a claim against Defendants Garcia and Wang, and the claims against them should be dismissed. An accompanying order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August _18_, 2021

8

JA-060

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| KESHA T. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 1:20-cv-1397 |
| v. | ) |
| | ) |
| STACEY A. KINCAID, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF APPEAL

Notice is hereby given that Kesha T. Williams ("Plaintiff" or "Ms. Williams") hereby appeals to the United States Court of Appeals for the Fourth Circuit from the Order entered in this action on August 18, 2021, granting Defendant Deputy Garcia and Xin Wang's Motion to Dismiss and the Order entered in this action on June 7, 2021, granting the Motion to Dismiss by Defendant Stacey A. Kincaid. Combined, these Orders resulted in the dismissal of all claims stated by Ms. Williams in her Amended Complaint against all Defendants.

Respectfully submitted,

Dated: September 16, 2021

By:          /s/                    
Joshua Erlich (VA Bar No. 81298)
Davia Craumer (VA Bar No. 87426)
Katherine L. Herrmann (VA Bar No. 83203)
The Erlich Law Office, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel:     (703) 791-9087
Fax:     (703) 351-9292

1

**JA-061**

Email: jerlich@erlichlawoffice.com
      dcraumer@erlichlawoffice.com
      kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2021 a true copy of the foregoing was filed electronically with the Clerk of the Court and served electronically using the CM/ECF upon:

Alexander Francuzenko
Philip C. Krone, Esq.
Cook, Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com

*Counsel for Defendants*

_____/s/_____
Katherine L. Herrmann (VA Bar No. 83203)
The Erlich Law Office, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA  22201
Tel:    (703) 791-9087
Fax:    (703) 351-9292
Email:kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*

3

**JA-063**